936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Blanca KAVOURAS, Plaintiff-Appellant,
v.
Gary FETTING, et al., Defendants-Appellees.
 No. 89-2002.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1991.*
Decided June 24, 1991.
Rehearing and Rehearing In Banc Denied July 31, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In July 1988, Blanca Kavouras filed an action under 42 U.S.C. Secs. 1981, 1982 and 1983, alleging that defendants, who are officers and officials of Rusk County, violated her constitutional rights because of her race. Specifically, Kavouras alleged that the defendants engaged in a conspiracy to deprive her of her constitutional rights, and pursuant to that goal the defendants: failed to properly investigate a burglary complaint filed by Kavouras; harassed Kavouras in a variety of ways, including threats of physical harm; conducted an unconstitutional search and seizure of her residence and items within it; and caused the issuance of an illegal and unconstitutional criminal complaint charging Kavouras with animal abandonment. Shortly after the complaint was filed, the court granted the motion to withdraw by Kavouras' counsel, and she proceeded with the case pro se. In February 1989, the district court dismissed the claims under Sec. 1982 and the claim for punitive damages against Rusk County. The remaining claims proceeded to trial, and the jury returned a verdict in favor of defendants on all counts. The court entered judgment dismissing the complaint with costs, and Kavouras filed a timely appeal from that judgment.
 
 
 2
 The incidents which form the basis of the complaint stem from a property dispute between Kavouras, Ricardo Fernandez, and Fernandez' former wife Colleen Powers. Powers received title to property on Rames Road in order to satisfy past child support obligations of Fernandez. Kavouras alleged that she held a mortgage on the property and therefore was the rightful owner. In 1986, Kavouras complained to the police that Powers and her husband had burglarized the Rames Road residence. In this case, Kavouras asserts that the officers failed to adequately investigate her charges despite her identification of the culprits and their whereabouts. Defendants introduced evidence that the burglary was fabricated by Kavouras and Fernandez as part of the ongoing conflict with Powers, which included a claim that Fernandez attempted to put sugar in Powers' gas tank. Kavouras alleged that subsequent to this incident, the police in Rusk County began harassing her, and at trial she testified that they began following her and keeping her under surveillance. She alleged that this harassment culminated in an illegal search of her residence, after which she fled from Rusk County. Kavouras asked the neighbor, Mitchell, to watch her farm animals for her when she left, but the farm did not contain adequate water or feed for the animals. The county subsequently stepped in and took over the care of the animals, and a criminal charge was filed against Kavouras for abandonment of animals. Kavouras' guilt or innocence of that charge was not before the district court in this case; instead, the only issue was whether the defendants conspired to use false information to obtain the criminal complaint and warrant.
 
 
 3
 Kavouras devotes much of her brief to pointing out inconsistencies in the testimony at trial. Her argument appears to be that the jury could not properly return a verdict for defendants given the evidence introduced at trial. In essence, then, Kavouras is asserting that the district court judge should have entered judgment for her notwithstanding the verdict, or should have granted her a new trial. This argument is waived because Kavouras did not request either a judgment n.o.v. or a new trial in the district court.
 
 
 4
 In any case, the record in this case provides ample support for the verdict. Judgment n.o.v. may only be granted if the evidence permits only one reasonable conclusion. King v. Board of Regents of Univ. of Wis. System, 898 F.2d 533, 538 (7th Cir.1990). Both Kavouras' own witnesses and witnesses for the defense presented testimony from which the jury could conclude that the police in Rusk County adequately investigated the burglary claim by Kavouras and found it to be without merit. Furthermore, inconsistencies within Kavouras' own statements support a jury finding that her claims of harassment were incredible. Kavouras' claim of an unconstitutional search was also contested at trial, and the jury was not required to credit Kavouras' testimony. Finally, evidence at trial indicated that the claim of animal abandonment, whether true or not, was not without some factual basis. Therefore, even if Kavouras had recognized the need to preserve those issues for appeal, she could not have succeeded on those claims.
 
 
 5
 Similarly, the trial court did not err in directing a verdict for defendants on issues such as the conspiracy claim, the liability of Rusk County, and the existence of probable cause for the warrants, because Kavouras introduced no evidence in support of those claims. The only other claim developed by Kavouras is that the court erred in issuing an instruction that under Wisconsin law a judge was not required to endorse on a criminal warrant the amount of bail, but could require "body only." That instruction is supported by Wisconsin law, and therefore was not misleading to the jury. The judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record